UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRIAN PAUL GRINAGE,

        Plaintiff,

    v.                                    Case No. 22-C-643

STATE OF WISCONSIN CORPORATION,
DAVID G. MIRON, DESHEA D. MARROW,
COUNTY OF MARINETTE CORPORATION,
JERRY SAUVE, and JESSE GLENN PARR,

        Defendants.

---

## SCREENING ORDER

---

On May 26, 2022, Plaintiff Brian Paul Grinage, proceeding *pro se*, brought this action against the above-captioned Defendants for damages that appear to arise from Plaintiff's loss of his Class A commercial driver's license following a traffic stop. Dkt. No. 1. Plaintiff has paid the full filing fee and this matter is before the Court for screening. The Court is authorized to screen the complaint, regardless of a plaintiff's fee status, to "save everyone time and legal expense." *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 8. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

Plaintiff's complaint is deficient for several reasons. First, Plaintiff's complaint provides little to no detail regarding the events that supposedly give rise to his injury. He states that, on

November 29, 2019, he was "stopped by a deputy for not having plugged in trailer lights" and recorded the traffic stop with a recording device. Dkt. No. 1 at 1. Plaintiff briefly states that this stop was "frivolous" and that he lost his Class A commercial driver's license, but he does not explain why the stop was frivolous or deny that his trailer lights were not plugged in. *Id.* These allegations are woefully insufficient to state any sort of cognizable claim at this stage. Second, Plaintiff names a myriad of defendants but does not explain how any of them were involved with the incident at issue. It is therefore impossible for each Defendant to have notice of what he or she is accused of doing. If Plaintiff wishes to include certain individuals or entities within his case, he must explain how each of them were involved with the alleged incident.

Therefore, Plaintiff's complaint fails to state a plausible claim on which relief may be granted and it will be dismissed. However, because it is possible that Plaintiff may have a claim, the Court will afford him an opportunity to file an amended complaint. Should he choose to do so, Plaintiff must file his amended complaint by **July 13, 2022**. Plaintiff is advised that an amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If no amended complaint is received, the Court will dismiss this action based on Plaintiff's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED**.

**IT IS FURTHER ORDERED** that on or before **July 13, 2022**, Plaintiff may file an amended complaint. If he does not do so by that date, the Court will dismiss this action based on Plaintiff's failure to state a claim in his original complaint.

Dated at Green Bay, Wisconsin this 13th day of June, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
